## CASE VS. MAFFITT ET AL.

An affidavit for an attachment against a boat: that the boat is indebted to the plaintiff in the sum of $48 10, *to-wit:* $17 50 for the services of his boy as cook, and $30 60 for materials furnished towards the repairing .and equipping the boat, sufficiently sets forth the *nature* and *amount* of the demand; and that the demand is within the provisions of the statute subjecting the boat to attachment.

Where an attachment issues *in rem* against a boat, the judgment should be against the boat.

*Appeal from Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS, for the appellant.

ROSE, for the appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

It appears from the record in this case, that on the 20th of October, 1856, George Case made an affidavit before a justice of the peace of Independence county, stating " that the steam-boat Thos. P. Ray was justly indebted to him in the sum of $48 10, *to-wit:* $17 50 for a half month's service of his boy *Flan*, as cook on said boat, evidenced by a due bill, for that amount, given by D. H. Murrain, clerk of the boat, on the 5th of May, 1856, with interest, etc.; and also $30 60 on an account for materials furnished towards the repairing and equipping said boat—which sum was due, and unless an attachment should issue, there was reason to believe that the debt would be lost or greatly delayed."

He also filed with the justice the note, and a bill of the particular of the account, referred to in the affidavit.

Also, an attachment bond, with security, payable to the State for the use and benefit of the owners of the boat, etc.

The justice issued an attachment to the constable of his township against the boat, by name; by virtue of which the boat was attached; and released upon a replevin bond, executed by Francis A. Maffit, the master of the boat, as principal, and Aaron Hersch, as surety.

Judgment was finally rendered against the boat, on the 1st of November, 1856, for the amount of the demand sued for.

Afterwards, on the application of Maffitt and Hersch, the Circuit Court of Independence county issued a supersedeas and certiorari to stay execution, and remove the proceedings of the justice into that Court, and on the return of the certiorari, the judgment of the justice was held to be null and void, and quashed, and Case appealed to this Court.

The grounds upon which it was insisted in the Court below that the judgment of the justice should be quashed, are as follows:

" 1. The writ of attachment was issued without any affidavit setting forth the nature and amount of the demand of the plaintiff, and without any such affidavit as is required by law.

" 2. Because the proceedings are instituted against an inanimate thing, *to-wit:* a steamboat.

" 3. The bill of items filed by the plaintiff in said cause does not show any liability on the part of any one.

" 4. It appears that the judgment was rendered against an inanimate object, *to-wit:* a steamboat."

1. The affidavit sets forth with sufficient certainty, we think, the *nature* and *amount* of the demand. The amount of the demand is stated to be $48 10; a specified part of which is stated to be for the services of the plaintiff's boy as cook upon the boat; and the remainder for materials furnished towards the repairing and equipping the boat, etc. It thus appears from the affidavit that the entire demand was within the pro-

visions of the statute subjecting the boat to attachment, etc. See *Dig.*, *chap.* 18, *sec.* 1, 8.

2 & 4. The proceedings were *in rem*, and the judgment was properly against the boat. See *Hartman vs. Stone*; *Pool & Watson vs. Steamboat Thos. P. Ray*, *present term*.

3. The bill of particulars shows that the materials charged therein were furnished the boat at the instance of F. A. Maffitt, captain, etc.

The judgment of the Circuit Court is reversed, and the cause remanded, with instructions to the Court to recall the supersedeas, and dismiss the certiorari, at the cost of Maffitt and Hersch, in order that the justice may proceed to execute his judgment in accordance with law, etc.

Absent, Mr. Justice HANLY.